IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
| |
UNITED STATES OF AMERICA | |
| |   Case No.:  11-cr-306 (EGS)
v. | |
| |
PEDRO ALEJANDRO RUBIO PÉREZ, | |
| |
Defendant. | |
| |
| |

## DEFENDANT'S MOTION TO DISMISS
## INDICTMENT FOR LACK OF SPECIFICITY

COMES NOW DEFENDANT, Pedro Rubio, by and through undersigned counsel, and respectfully requests that the Court dismiss the indictment given that its lack of specificity violates the 5th and 6th Amendments to the United States Constitution.

### Legal Authority & Argument

The Fifth Amendment guarantees that prosecutions for serious crimes may be instituted only by indictment. U.S. Const. amend. V. This constitutional guarantee serves to: (1) provide notice of the charges and; (2) to describe the crime charged with sufficient specificity to protect against future jeopardy for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974), *Russell v. United States*, 369 U.S. 749, 763-764 (1962); *United States v. Debrow*, 346 U.S. 374, 377-378 (1953). Notice is key in this analysis, an indictment must allege the essential elements of the offense.  Hence, the Sixth Amendment mandates that "in all

criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation."  U.S. Const. amend. VI; *see also Russell*, 369 U.S. at 762.

These constitutional requirements are echoed in Rule (7)(c)(1) of the Federal Rules of Criminal Procedure, which states that an indictment "must be a plain, concise, and definite written statement of essential facts constituting the offense charged."  Fed.R.Crim.P. 7(c)(1).  *See also Stirone v. United States*, 361 U.S. 212, 218 (1960); *Debrow*, 346 U.S. at 376; *United States v. Haldeman*, 559 F.2d 31, 123 (D.C. Cir. 1976).  Notice to the defendant of the essential facts that underlie the charge alleged is necessary to protect the defendant and ensure that he is aware of the charges and can prepare a defense.  *United States v. Pickett*, 353 F.3d 62, 67 (D.C. Cir. 2004).  Here, no meaningful or specific facts are set forth in the Indictment.

In addition to serving a notice function, the indictment must sufficiently specify the crime to ensure that prosecution is based upon facts presented to the grand jury,[1] a concern grounded in the Fifth Amendment.  *Russell,* 369 U.S. at 760. As explained by the Supreme Court:

> To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found

---

[1] Mr. Rubio notes that contemporaneous to the filing of this motion, a motion requesting grand jury minutes is filed.

by, and perhaps not even presented to, the grand jury which indicted him.

*Id.* at 769–70.[2]  Thus, in reviewing the sufficiency of an indictment, the inquiry must focus upon whether the indictment provides "the substantial safeguards" to criminal defendants that indictments are designed to guarantee.

It is well established that while an indictment may track the language of a statute in alleging an offense, simply parroting the terms of the statute alone is insufficient: "[The indictment] must state the species – it must descend to particulars . . . . [The statutory language] must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *United States v. Nance*, 533 F.2d 699, 701 (D.C. Cir. 1976) (*quoting Russell v. United States*, 369 U.S. 749, 764-66 (1999)).

Prosecutors must abide by these constitutional mandates and rules. Pursuant to the Criminal Resource Manual issued by the Department of Justice (commonly referred to as the U.S. Attorney's Manual):

> The indictment and information must contain sufficient detail to adequately apprise the defendant of the nature of the charges against him. The drafter must afford the defendant not only a document that contains all of the elements of the offense, whether or not such elements appear in the statute, but one that is sufficiently descriptive to permit the defendant to prepare a defense, and to invoke the double jeopardy provision of the Fifth Amendment, if appropriate. ... What is required are factual allegations rather than a mere recitation of the

---

[2] Such a scenario would also violate the doctrine of specialty, which provides that "once extradited, a person can be prosecuted only for those charges on which he was extradited." *United States v. Sensi,* 879 F.2d 888, 892 (D.C. Cir. 1989).

acts or practices proscribed by the offense allegedly committed.

Criminal Resource Manual at 214, Drafting Indictments and Informations (citations omitted and emphasis supplied).   Accordingly, an indictment must furnish a defendant with a sufficient description of the charges, enable preparation of a defense, ensure prosecution on the basis of the facts presented to the grand jury, safeguard the constitutional protection against double jeopardy, and assure that a trial court has a factual basis so it may determine the sufficiency of a charge.

Mr. Rubio must defend against an indictment that alleges a conspiracy to distribute illicit substances *spanning a decade*.   21 U.S.C. §§ 959, 960, 963 and 18 U.S.C. § 2.   A single count, no overt acts, and a miniscule 11-lines of text are supposed to satisfy constitutional and procedural guarantees.   The indictment is insufficient; it lacks meaningful notice of the charges against him, it denies him protection against future jeopardy for the same offense, and thus warrants dismissal.

Admittedly, an indictment under 21 U.S.C. §963 suffices if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy.   *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006).   However, in stark contrast to Mr. Rubio's indictment, the *Mejia* indictment identified a 6-month time frame, the drug quantity and transaction, where the offense occurred, the conspiracy's objective, and *mens rea* of the defendant.   The *Mejia* indictment identified specific countries, identified the locations of the offense,

4

identified a co-conspirator, and drug transactions were identified. *Mejia,* 448 F.3d at 439.

Mr. Rubio is left to guess as to location ("elsewhere"), co-conspirators are unknown, and statutory triggers for drug weight are the only reference to drug quantity. The utter lack of notice fails to meet the *Mejia* standard. Yet, beyond *Mejia,* the complete lack of specificity fails to provide adequate notice and comply with the most basic standards of due process: "How many other countries?"; "How many transactions encompass the decade of activity alleged?"; and, "How many other actors are involved?". Due process demands more than what is articulated in *Mejia*.

A long history of Supreme Court precedent confirms this proposition. "Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *United States v. Hess*, 124 U.S. 483, 487 (1888) (A crime is made up of acts and intent; and these must be set forth in the indictment with reasonable particularity of time, place, and circumstances.'); *see also Pettibone v. United States*, 148 U.S. 197, 202-204 (1893); *Blitz v. United States*, 153 U.S. 308, 315 (1894); *Keck v. United States*, 172 U.S. 434, 437 (1899); *Morissette v. United States*, 342 U.S. 246, 270, n. 30 (1952); *Hamling,* 418 U.S. at 117. Many federal decisions support the basic principle of fundamental fairness in modern

concepts of pleading, and specifically under Fed.R.Crim.P. 7(c).[3]

Mr. Rubio's indictment charges a decade to time, unidentified coconspirators, unknown portions of the globe, and an unknown quantity of drugs.  The indictment is deficient in that it does not contain a statement of facts and circumstances that adequately informs Mr. Rubio of the specific offense conduct with which he is charged.  Furthermore, a bill of particulars or discovery will not cure the possibility Mr. Rubio could be prosecuted based on facts that were not those on which the grand jury returned its indictment.  Accordingly, dismissal of the indictment is required.

Filed this 16th day of October 2017.

Respectfully submitted,

RETURETA & WASSEM,   P.L.L.C.

By: _____

Manuel J. Retureta, Esq.
Washington, D.C. Bar #430006
300 New Jersey Ave., NW
Suite 900
Washington, D.C.  20001
202.450.6119
MJR@RETURETAWASSEM.COM

---

[3] *See United States v. Curtis*, 506 F.2d 985 (10th Cir. 1974) (pleading the statutory language in a mail fraud case without "any fair indication of the scheme or artifice relied upon, or the false pretenses . . . forming a part of it" was insufficient); *see also United States v. Thomas*, 444 F.2d 919, 922 (D.C. Cir. 1971) (indictment following the words of the District burglary statute but failing to identify with particularity the offense defendant allegedly intended to commit when he entered the dwelling is insufficient); *United States v. Staiti*, 397 F. Supp. 264, 267 (D. Mass. 1975) (indictment following the language of the federal statute prohibiting the interstate transport of stolen goods but failing to identify the particular goods transported is insufficient).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filing was served upon counsel for all parties via ECF filing on this 16th day of October 2017.

By:_____

Manuel J. Retureta, Esq.