IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Case No.:  11-cr-306 (EGS) |
| v. | |
| PEDRO ALEJANDRO RUBIO PÉREZ, | |
| Defendant. | |

DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF
MATERIAL SUBMITTED IN SUPPORT OF EXTRADITION

COMES NOW DEFENDANT, Pedro Rubio, by and through undersigned counsel, and respectfully requests that this Court compel the government to produce to the defense copies of the all evidentiary material submitted in support of its request for Mr. Rubio's extradition from Mexico to the United States.

Mr. Rubio was charged by indictment returned on October 12, 2011.  In October of 2013, Mr. Rubio was arrested in Mexico and the United States formally requested his extradition to stand trial in the U.S.  Upon information and belief, Mr. Rubio believes that included among the documents submitted in support of the extradition were two affidavits provided by cooperating witnesses. Undersigned counsel is unaware of the nature of other evidentiary material that may have been submitted contemporaneously.

It is anticipated that the two cooperating witnesses will testify at Mr. Rubio's trial.  At this time, undersigned counsel has not been provided copies of the

affidavits executed by those witnesses, or any other evidentiary material that may have been provided to the Mexican government in support of the extradition request.

Relying upon the evidentiary material submitted, the government of Mexico authorized Mr. Rubio's extradition. Mexico conditioned the surrender of Mr. Rubio to the United States on its citizen, Rubio, not being tried or punished for acts other than those listed in the extradition request. *See also* Indictment, ECF 3. The Mexican government's decision to hand over one of its citizens rested solely on the evidentiary material provided by the United States.

Pursuant to the doctrine of specialty, the United States, as the petitioning nation, must adhere to express limitations placed upon Mr. Rubio's prosecution by Mexico, as the surrendering nation. *United States v. Cuevas*, 496 F.3d 256, 262 (2nd Cir. 2007); *United States v. Baez*, 349 F.3d 90, 92 (2nd Cir. 2003). The Court of Appeals has held that the focus when considering whether a violation of the doctrine of specialty has occurred is on the evidentiary material submitted to the surrendering nation. *See United States v. Sensi*, 879 F.2d 888, 896(D.C. Cir. 1989).

Mr. Rubio respectfully submits that in light of the vague language of the indictment[1] that a full and proper inquiry be held regarding whether the indictment violates the doctrine of specialty. Accordingly, it is necessary for all parties and this

---

[1] Mr. Rubio notes that contemporaneously to the filing of this motion, he has also filed motions to dismiss the indictment for lack of specificity, for a bill of particulars, and for grand jury information. The authority and argument submitted with those motions add context and further support the authority noted in this motion, as well as the arguments.

Court to review all evidentiary material submitted by the United States to Mexico when it requested Mr. Rubio's extradition.

**WHEREFORE,** Mr. Rubio respectfully requests that the government be compelled to produce to the defense copies of all evidentiary material submitted to Mexico in support of its request for his extradition.

Filed this 16th day of October 2017.

Respectfully submitted,

RETURETA & WASSEM, P.L.L.C.

By: _____
Manuel J. Retureta, Esq.
Washington, D.C. Bar #430006
300 New Jersey Ave., NW, Suite 900
Washington, D.C. 20001
202.450.6119
MJR@RETURETAWASSEM.COM

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filing was served upon counsel for all parties via ECF filing on this 16th day of October 2017.

By: _____
Manuel J. Retureta, Esq.