IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Case No.: 11-cr-306 (EGS) |
| v. | |
| PEDRO ALEJANDRO RUBIO PÉREZ, | |
| Defendant. | |

DEFENDANT'S MOTION TO SUPPRESS
TANGIBLE EVIDENCE ON THE BASIS OF SPOLIATION

COMES NOW DEFENDANT, Pedro Rubio, by and through undersigned defense counsel and respectfully submits this motion to suppress tangible evidence.

Concise Argument

The Court should suppress all electronic surveillance evidence, photographic and/or video evidence, and tangible evidence, including the seizure of illegal narcotics, allegedly involving Mr. Rubio.

Background

By indictment dated October 12, 2011, the government charged Mr. Rubio with criminal conduct described vaguely as:

> From in or about 1999 and continuing thereafter, up to and including 2009, the exact dates being unknown to the Grand Jury, in the countries of Mexico and the United States, and elsewhere, the defendant . . . did knowingly and intentionally combine, conspire, confederate and agree with others both known and unknown to the Grand Jury . . .

1

Indictment, ECF 3, Oct. 12, 2011. The alleged "agreement" was to violate U.S. laws prohibiting drug distribution and importation laws. Title 21 U.S.C. §§959, 960 and 963; and, Title 18 U.S.C. §2.[1]

Discovery provided by the government identifies three seizures of illegal narcotics that, presumably, the government intends to link to Mr. Rubio.

| Date | Event | Location |
|---|---|---|
| Wednesday, May 19, 2004 | Seizure - 152 kilos of Cocaine | Yucaipa, California |
| Tuesday, August 15, 2006 | Seizure - 451 kilos of Marijuana | Phoenix, Arizona |
| Saturday, October 28, 2006 | Seizure - 90 kilos of Cocaine | Springfield, Missouri |

Aside from photographs allegedly related to the seizures, no supporting documentation, such as law enforcement reports or agency analysis, has been provided to the defense. Other tangible evidence is limited to audio recordings gathered as part of Title III intercepts.[2] However, documentation for these wiretaps is incomplete. Given this incomplete package of evidence, admission of this evidence is not warranted.

## Legal Authority & Argument

Due process requires disclosure of any evidence that provides grounds for the defense to attack the reliability, thoroughness, as well as good faith of the

---

[1] A forfeiture allegation was also alleged in the October 2011 indictment. Title 21 U.S.C. §§853 and 970.

[2] Mr. Rubio incorporates the arguments and authority set forth in his motion to suppress electronic surveillance evidence filed contemporaneously with this motion. The referenced motion details the missing evidence as it relates to government wiretaps.

investigation, including the ability to impeach the credibility of government witnesses or to bolster the defense case. *See Kyles* v. *Whitley*, 514 U.S. 419, 442 n.13, 445–51 (1995); *Brady* v. *Maryland*, 373 U.S. 83, 87 (1963).  Because Mr. Rubio must defend against unknown witnesses, confidential informants, electronic surveillance that is incomplete, absence of supporting documentation surrounding the seizure of physical evidence, and an allegation of illegal activity spanning a decade, any information the government has in its possession, or should have, that is favorable to the defense must be identified and released to the defense.  *See Brady v. Maryland, supra.*

It is clear that in Mr. Rubio's case there is an absence of evidence normally in the possession of the government.  The absence of evidence by government actors violates the due process rights of a defendant.  *See* U.S. Const. amend V.  It is well settled that where government agents have destroyed evidence, "sanctions will normally follow, irrespective of the perpetrator's motivation, unless the Government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant."  *United States* v. *Bufalino*, 576 F.2d 446, 450 (2d Cir. 1976).  When evidence has been destroyed in violation of the Constitution, the court must choose between barring further prosecution or suppressing" the evidence.  *United States v. Pasha,* 797 F.3d 1122, 1138 (D.C. Cir. 2015), *citing California v. Trombetta*, 467 U.S. 479, 486 (1984).

The Supreme Court has distinguished "between evidence that was apparently exculpatory before the evidence was destroyed, for which the failure to

Case 1:11-cr-00306-EGS   Document 43   Filed 10/16/17   Page 4 of 6

preserve is a due process violation even without bad faith, and evidence that was only 'potentially useful' for the defense, for which the defendant must establish the government's bad faith to show a violation." *See United States* v. *Laurent*, 607 F.3d 895, 899 (1st Cir. 2010). The Supreme Court, in *Arizona v. Youngblood* ruled that "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood,* 488 U.S. 51, 58 (1988), *as cited in United States v. Haight*, 153 F. Supp. 3d 240, 241 (D.D.C. 2016); *United States v. Archbold-Manner*, 577 F.Supp.2d 288, 289 (D.D.C. 2008).

It is because of *Youngblood* and the need to learn why the government evidentiary basket is so void of evidence normally in its possesseion that a hearing on this matter is necessary. Where, as here, the conduct in question is an absence of material normally in possession of the government, a defendant also must show that the loss of evidence is "chargeable to the State." *United States* v. *Rahman*, 189 F.3d 88, 139 (2d Cir. 1999). Indeed, courts have found suppression appropriate even where the Government's destruction or spoliation of potentially exculpatory evidence was merely negligent. *See United States* v. *Fishel*, 324 F. Supp. 429, 432 (S.D.N.Y. 1971) ("The Government can hardly complain about the suppression of the one tape now in its possession, since while it had possession of all of the tapes, it had a duty to keep them in such a manner that they would be available for use upon trial by all parties"); *see also* 6 LaFave et al., *Crim. Proc.* § 24.3(e) (4th ed.) ("Even if a court finds no due process violation, it might nevertheless decide the defendant is

4

entitled to a remedial jury instruction or other sanction based on the destruction of evidence.").

Finally, "because the issue of sanctions depends on a case-by-case examination of the facts surrounding the destruction of the [evidence], including the Government's culpability for the loss of the evidence," courts regularly hold evidentiary hearings to appropriately ascertain and weigh the relevant facts. *See United States* v. *Dalisay*, No. 03 Cr. 1305 (JGK), 2005 WL 1176115 (not reported), at *1 (S.D.N.Y. May 17, 2005) (citing *United States* v. *Grammatikos*, 633 F.2d 1013, 1019–20 (2d Cir. 1980)); *see also United States* v. *Eldridge*, No. 09 Cr. 29-A, 2014 WL 4829146, at *1–2 (W.D.N.Y. Sept. 29, 2014); *United States* v. *Kendrick*, No. 10 Cr. 6096, 2015 WL 627886 (not reported), at *10 (W.D.N.Y. Feb. 10, 2015), *report and recommendation adopted*, No. 10 Cr. 6096 (FPG), 2015 WL 2129573 (not reported) (W.D.N.Y. Apr. 29, 2015).

In this case, the impact of this apparent spoliation is enormous, because virtually the entire case against Mr. Rubio rests on the wiretaps and physical evidence of seizures. Accordingly, Mr. Rubio seek suppression of all electronic surveillance evidence, photographic and/or video evidence, and tangible evidence, including the seizure and reporting of illegal narcotics. Mr. Rubio respectfully requests suppression of these categories of evidence, or, in the alternative, an evidentiary hearing at which time the government's explanation of the state of the missing evidence can be examined.

Conclusion

For all of the reasons described above, the Court should suppress all electronic surveillance evidence, photographic and/or video evidence, and tangible evidence, including the seizure of illegal narcotics

Filed this 16th day of October 2017.

                                    Respectfully submitted,

                                    RETURETA & WASSEM,  P.L.L.C.

By: _____
     Manuel J. Retureta, Esq.
     Washington, D.C. Bar #430006
     300 New Jersey Ave., NW
     Suite 900
     Washington, D.C.  20001
     202.450.6119
     MJR@RETURETAWASSEM.COM

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filing was served upon counsel for all parties via ECF filing on this 16th day of October 2017.

By:_____
    Manuel J. Retureta, Esq.