IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.:  11-cr-306 (EGS) |
| v. | |
| PEDRO ALEJANDRO RUBIO PÉREZ, | |
| Defendant. | |

DEFENDANT'S MOTION FOR GRAND JURY MINUTES

COMES NOW DEFENDANT, Pedro Rubio, by and through undersigned counsel, and respectfully requests that pursuant to Fed.R.Crim.P. 6(e)(3)(E)(i) and (ii), the Court issue an Order directing the government to produce for in-camera inspection the complete Grand Jury minutes related to the pending indictment against Mr. Rubio.

The government case and discovery release raises concerns about whether Mr. Rubio was the victim of a broad-brush prosecutorial approach and thus indicted without credible specifics, in effect constituting guilt by association.  Accordingly, Mr. Rubio seeks the minutes of the grand jury so as to investigate this circumstance and assess whether further action is warranted.

Legal Authority

Federal Rule of Criminal Procedure 6(e), bars disclosure of matters occurring before the grand jury.  *Fund for Constitutional Government v. National Archives,*

656 F.2d 856, 866-70 (D.C. Cir. 1981).  Unless an exception applies, district courts, as part of their supervisory authority over the grand juries that they have empaneled, have the discretion to determine whether, if one or more of the listed exceptions to grand jury secrecy apply, disclosure of records is appropriate.

Under Rule 6(e)(3)(E)(ii), disclosure of the grand jury minutes may be permitted by the court if defendants show that grounds exist for a motion to dismiss the indictment because of matters occurring before the grand jury.  See *United States v. Llaca Orbiz*, 513 F.2d 816, 818-19 (1st Cir.), *cert. denied*, 423 U.S. 861 (1975); *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 225-26 (1979); *see also Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399 (1959) ("A[T]he federal trial courts as well as the Courts of Appeals have been nearly unanimous in regarding disclosure as committed to the discretion of the trial judge. [C]ases announce the same principle, and Rule 6(e) is but declaratory of it.")

Although, by delineating the exceptions to grand jury secrecy, Rule 6(e)(3) governs almost all requests for the release of grand jury records, it has been recognized that there are certain special circumstances in which release of grand jury records is appropriate outside of the boundaries of the rule.  This conclusion is consistent with the origins of Rule 6(e), which reflect rather than create the relationship between federal courts and grand juries.  *See Pittsburgh Plate Glass Co.*, 360 U.S. at 399; *In re Hastings*, 735 F.2d 1261, 1268-69 (11th Cir. 1984), *citing* Notes of Advisory Committee on Rules, following Fed. R. Crim. P. (discussing the origins of amendments to Rule 6 in the practice of federal courts)).

An exception warranting the release of grand jury minutes can be established by showing a particularized need for production.   This may be established in circumstances other than where grand jury testimony will assist the trier of fact. *United States v. Wong*, 78 F.3d 73, 79 (2d Cir. 1996).  In the instant matter, there is clearly a particularized need for disclosure.  As discussed above, there is reason to believe that defendant was swept up in a summary of the evidence that overstated his involvement and the evidence against him.  There exists, therefore, good reason to believe that the indictment was improperly obtained and a consequent need to review the grand jury minutes to make that determination.

WHEREFORE, Mr. Rubio respectfully requests that the Court order, pursuant to Fed.R.Crim.P. 6(e)(3)(E)(i)and (ii), the government to produce for the Court the complete grand jury minutes pertaining to the indictment for in-camera review and/or disclosure to defense counsel for Mr. Rubio.

Filed this 17th day of October 2017.

Respectfully submitted,

RETURETA & WASSEM, P.L.L.C.

By:_____
    Manuel J. Retureta, Esq.
    Washington, D.C. Bar #430006
    300 New Jersey Ave., NW, Suite 900
    Washington, D.C.  20001
    202.450.6119
    MJR@RETURETAWASSEM.COM

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filing was served upon counsel for all parties via ECF filing on this 17th day of October 2017.

By:_____
    Manuel J. Retureta, Esq.