IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Case No.:  11-cr-306 (EGS) |
| v. | |
| PEDRO ALEJANDRO RUBIO PÉREZ, | |
| Defendant. | |

DEFENDANT'S OMNIBUS REPLY TO
THE GOVERNMENT'S OPPOSITION TO
THE DEFENDANT'S PRETRIAL MOTIONS

COMES NOW DEFENDANT, Pedro Rubio, by and through undersigned counsel, and respectfully submits this omnibus reply to the government's opposition [ECF 51] to defense pretrial motions.

Concise Reply

The litigation of pretrial motions revealed the government's intent to present a vastly different case than what was submitted to a grand jury in this courthouse, or presented to Mexico as a basis to extradite one of its citizens.  Mr. Rubio respectfully submits that the proposed government case is a variance from the indictment, violates the *doctrine of specialty*, and deprives Mr. Rubio of due process and constitutional guarantees for a fair trial.  U.S. Const. amend. V.  Further challenges to the indictment and a full briefing on the basis for extradition must now be scheduled.  Moreover, the country of Mexico must now be placed on notice of this litigation and be allowed to evaluate and decide whether to take a position and file as *amicus curiae* on behalf of one of its citizens.

Mexico & Consular Notice

Whether under the label of "other crimes" or "inextricably intertwined" the government, in their pretrial litigation, has revealed a criminal case that was never before heard of by Mr. Rubio or the country of Mexico. The defense is now forced into a position to continue trial to litigate this new case and attempt to prepare an entirely new defense. Additionally, for the purposes of extradition, the country of Mexico must now also evaluate the events that have taken place in this case and how it impacts their treaty expectations with the United States given the prejudice against one of its citizens.

Mr. Rubio has a right to seek consular notification of his case, his case status, and seek any assistance as a citizen of Mexico. Vienna Convention on Consular Relations, Apr. 24, 1963, Article 36(1)(b) and (c), 21 U.S.T. 77, 596 U.N.T.S. 261. Upon extradition to the United States, Mr. Rubio did not exercise his right to consular notification. He now, formally, will request such assistance. Specifically, Mr. Rubio will advise the Mexican government, through Consul here in the United States, that the basis of his extradition is being violated. Mr. Rubio's notification and request for assistance will require the government of Mexico, via Consul, to, at the least, meet with Mr. Rubio in prison, listen to him, and evaluate his claim.

Reply, Categorization & Discussion of Pretrial Motions

The pretrial litigation in Mr. Rubio's case can be concisely categorized as follows:

1. Government Expansion of Case (Gov. Motion In Limine): Mr. Rubio anticipated the heretofore-unknown breadth and scope of what the government wants to use at trial, whether "other crimes" or "inextricably intertwined." His concern was the basis of the following pretrial motions:

    a. Rule 404(b) Motion [ECF 30]; and,

    b. Bill of Particulars [ECF 31].

2. Challenge To Indictment: Mr. Rubio sought clarity on what exactly was the government case, aside from three drug seizures. In an attempt to reveal what the government sought to present as its case, he filed:

    a. Motion to Dismiss Indictment for Lack of Specificity [ECF 32];

    b. Motion for Preliminary Determination of Conspiracy or Limit Argument [ECF 40]; and,

    c. Motion for *Jencks*, witness lists and disclosure of informants [ECF 42].

3. Challenge Extradition & Indictment: Mr. Rubio filed the following motions to guard against what has revealed itself to be a well-founded fear as to how the government may seek to expand its case against him:

    a. Motion for Extradition Documents [ECF 41]; and,

    b. Motion for Grand Jury Minutes [ECF 46].

Mr. Rubio respectfully submits that both government and defense offer the Court ample authority surrounding the legal issues in the motions noted above. There is no pivotal disagreement in the legal authority cited, no seminal cases to decipher, nor conflict within or among circuit courts of appeal. Rather, the issue for the Court, and conflict, is simply how Mr. Rubio was indicted and how the government now wishes to try his case.

As example, the court need only examine the government's notice of expert regarding the proffered testimony of a special agent from the Drug Enforcement Administration. [ECF 36] As Mr. Rubio previously noted in his opposition to this proposed witness, one with no knowledge of the evidence in Mr. Rubio's case, the government seeks to present to a jury:

- "…transport and distribute drugs from Colombia,, through Central America and into the United States." ECF 36, p.2.
- "…from foreign countries,, including Colombia,, Panama,, Guatemala,, Costa Rica,, Honduras,, and Mexico." ECF 36, p.3.
- "…payments to corrupt officials in order to facilitate the movement of narcotics." ECF 36, p.3.
- "…secreting the currency into a business or bank account to make the currency appear more legitimate." ECF 36, p.3.

The country of Mexico must evaluate why the United States secured one of its citizens with extradition documents containing indictment language that differs vastly from the newly alleged scope of Mr. Rubio's case. The table below, from Mr. Rubio's previous motion, highlights the differences:

| INDICTMENT LANGUAGE | GOVERNMENT'S NEW POSITION |
|---|---|
| "…in the countries of Mexico and the United States, and elsewhere…" | Central America, Colombia, Panama, Guatemala, Costa Rica, and Honduras |
| No Language of Public Corruption | "…payments to corrupt officials" |
| No Language of Money Laundering | "…secreting the currency into a business or bank account to make the currency appear more legitimate." |

Clearly, the government has revealed its hand. Such a revelation is not the norm in a criminal case where the defense may learn of an unknown witness to a crime. Perhaps there was another witness at the scene of the crime. That is not the case here; rather, the government revelation in Mr. Rubio's case is an entire course of conduct that was previously undisclosed to Mexico, and undisclosed to Mr. Rubio. The material and scope of the case undoubtedly varied from the evidence presented to the grand jury. Hence the basis, and necessity, to review the events at the grand jury which is why Mr. Rubio submitted to the Court his motion for grand jury minutes. [ECF 46]

This dramatic change and revelation in the government's case also highlights the need behind Mr. Rubio's motion seeking a bill of particulars from the government. [ECF 31] Given the extraordinary expansion of the government case, reference to violence, new countries, and new crimes, some definition from the government as to how, when, with whom, and what Mr. Rubio was doing is proper.

Indeed, the government's revelations now serve as a basis for it to argue that Mr. Rubio's motion to dismiss the indictment for lack of specificity [ECF 32] should

be treated as moot. *See* Government Opposition ECF 51, pp.9-16. However, the government's argued remedy for Mr. Rubio's need for specificity in the indictment is in and of itself the underlying basis to conclude that notice and due process in charging Mr. Rubio failed.

These circumstances further highlight the need for grand jury review. As an example, conceivably, the government could have written a motion in limine alleging other crimes such as forgery, bank robbery, mail fraud, etc. Under this example, the government could have linked the conduct to drug trafficking and sought admission of these revelations without previous notice to the defense. Such is the case now in Mr. Rubio's case: new countries, new conduct,[1] new time periods – all without previous notice or ability to investigate or prepare.

This is why a review of the case origin is significant, whether grand jury or extradition. As a beginning, Mr. Rubio looks forward to review of the extradition material the government indicated it would submit to the defense. *See* ECF 51, p.24.

---

[1] Mr. Rubio notes that for the first time, the government has raised the issue of witness security. In the government opposition, ECF 51 at page 22, the government states:

> In this matter there are significant safety and security concerns for the cooperating witnesses who will be testifying at trial, as well as for their families, that cause substantial concern about premature disclosure of the Government's witness list and/or Jencks Act material.

Mr. Rubio denies such an allegation and calls upon the government to submit a proffer or immediately retract such an allegation.

Conclusion

Mr. Rubio respectfully submits that further challenges to the indictment and a full briefing on the basis for extradition must now be scheduled. Moreover, the country of Mexico must now be placed on notice of this litigation and be allowed to evaluate and decide whether to take a position and file as *amicus curiae* on behalf of one of its citizens. Finally, it is clear that Mr. Rubio's case is now a new creature revealed by the government; one requiring further investigation, preparation, and litigation to properly defend.

Filed this 22nd day of November 2017.

                                        Respectfully submitted,

                                        RETURETA & WASSEM, P.L.L.C.

By:_____
Manuel J. Retureta, Esq.
Washington, D.C. Bar #430006
300 New Jersey Ave., NW, Suite 900
Washington, D.C.  20001
202.450.6119
MJR@RETURETAWASSEM.COM

CERTIFICATE OF SERVICE

 I hereby certify that a copy of the foregoing filing was served upon counsel for all parties via ECF filing on this 22nd day of November 2017.

By:_____
  Manuel J. Retureta, Esq.